## Harris Childress *v.* The State.

Theft — Evidence.— The statements of an accused when first found in possession of property recently stolen are admissible in his behalf, but his statements after he has parted with the property, and when he has not the possession of it, are not.   He cannot be permitted to fabricate evidence for himself by his own declarations.

Appeal from the District Court of Milam.   Tried below before the Hon. W. E. Collard.

The conviction was for the theft of a mare, and a term of five years in the penitentiary was the punishment assessed against the appellant.   The pony referred to in the opinion was, according to the evidence, obtained by him in exchange for the mare, and was in his possession in Bastrop county when he was arrested there, ten days or two weeks after the mare was stolen in the county of Milam.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WINKLER, J.   The appellant being on trial charged with the theft of a mare belonging to one G. F. Davidson, alleged to have been stolen in Milam county on January 1, 1879, offered to prove, as is recited in bill of exceptions No. 1, by the witness John Childress, the declaration of the defendant that he was innocent and his explanation of the transaction concerning the mare and pony, made when the parties at witness' house first charged him with the theft of the mare, on the ground that declarations in defendant's favor which defendant made when found in possession of stolen property, said property being recently stolen, are competent in his behalf.   The court refused the testimony, and the counsel excepted.

The judge refused to sign the bill of exceptions as presented, but appended thereto an explanation in the nature of a qualification to the effect that the court did allow the defendant to prove by his declarations from whom and how he got the pony, but, as he was not in possession of the mare, his declarations explaining how he got the mare were not thought to be admissible.   The rule of law is that the property must be found in possession of the defendant before his explanation is admissible in his own behalf.   *Cameron* v. *State*, 44 Texas, 652.   He cannot prove his explanation made at the time of his arrest, ten days after he had disposed of the property.   *Robinson* v. *State*, 3 Texas Ct. App. 487.   Nor can he be permitted to fabricate evidence for himself, by his own declarations.   *Dixon* v. *State*, 2 Texas Ct. App. 530; *Foster* v. *State*, 4 Texas Ct. App. 246; *Webb* v. *State*, 8 Texas Ct. App. 115.   The court did not err in excluding the proffered evidence.

The matter set out in the second bill of exceptions relates to the action of the court in refusing the defendant's application for a continuance when first presented, and in refusing a new trial because of the matters set out in the application for continuance.   Bill No. 3 relates to

the refusal of the court to postpone the trial, in order to enable the defendant to search for certain witnesses. On a consideration of the materiality of the testimony sought to be obtained from the absent witnesses, in connection with the testimony adduced on the trial (the bill of exceptions does not set out the testimony on account of which a postponement was requested), we are of opinion the action of the court was proper under the circumstances disclosed. A careful consideration of the whole case discloses no error for which the verdict and judgment should be disturbed, and the judgment is affirmed.

*Affirmed.*